# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MARIO WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00712-MHH-JHE |
| ) | |
| WARDEN DEWAYNE ESTES, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Mario White filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The magistrate judge entered a report in which he recommended that the Court dismiss Mr. White's petition because it is untimely and because Mr. White's claims are procedurally defaulted. (Doc. 12). Through counsel, Mr. White has objected to the report and recommendation. (Doc. 19).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to

1

which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. White objects to the magistrate judge's finding that he does not allege actual innocence to overcome the untimeliness of his petition or the procedural default of his claims. (Doc. 19). Mr. White asserts that he has maintained his innocence since the beginning of this matter, and his petition alleging ineffective assistance of counsel specifically addresses his efforts to prove his innocence. He argues that he was at work when the shooting for which he was convicted occurred. (Doc. 19, p. 1).

Proof of actual innocence allows a habeas petitioner to overcome a procedural bar or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual innocence, a petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). As a practical matter, "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that,

in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quotation marks omitted) (quoting *Schlup*, 513 U.S. at 329). In making this determination, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted).

In his habeas petition, Mr. White does not argue explicitly that the Court should excuse his untimeliness and procedural default because he is actually innocent. (Doc. 1; *see also* Doc. 8). The "new evidence" Mr. White wants the Court to consider is his testimony, which he contends his trial counsel prevented him from giving. (Doc. 19, p. 1). In his habeas petition, Mr. White contends that he asked his appointed attorney for his criminal trial if he could testify, and she "told him no." (Doc. 1, p. 8). Mr. White argues that his attorney's failure to allow him to testify violated his rights under the Fifth, Sixth, and Fourteenth Amendments. (Doc. 1, p. 13). Mr. White asserts that had his attorney allowed him to testify at trial, he would have "presented his version of events from that particular day," and the jury then could have "weighed his credibility against that of the alleged victim." (Doc. 1, pp. 14-15). Mr. White attached to his petition an affidavit in which he describes the information he would have provided at trial had his attorney allowed him to testify.

(Doc. 1, pp. 18-21). In short, Mr. White testified that he was at work when the shooting occurred, and he indicates that time records from his place of employment would corroborate his version of events as would the testimony of a friend who visited him at work on the night at issue. (Doc. 1, pp. 18-19; *see* Doc. 19, p. 1).

Through the information in his affidavit, Mr. White has not established actual innocence. Instead, he has offered an alternative version of events, and in his own words, to accept his testimony and acquit him of the charge of attempted murder, jurors would have to make a judgment about the credibility of witnesses. Mr. White has not established that no reasonable juror would have found him guilty based on disputed witness testimony.[1] Thus, the Court is not persuaded "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. 327. Mr. White's speculation about what the jury may have done had it heard his testimony is insufficient to support a claim of actual innocence or to establish that a fundamental miscarriage of justice will occur if the Court does not consider the merits of his habeas claims. Therefore, Mr. White

---

[1] In his petition and in his affidavit, Mr. White acknowledges that his trial attorney examined witnesses at trial to establish his version of events. (Doc. 1, pp. 15,18). Thus, evidence in the trial record contradicted the victim's version of events, and jurors found the victim's version the more credible of the two.

has not satisfied the difficult standard to overcome the statute of limitations or procedural default.[2]

Having reviewed and considered the materials in the Court's electronic file, including the report and recommendation and Mr. White's objection, the Court a adopts the factual findings in Magistrate Judge's report regarding the timeliness of Mr. White's petition and his failure to exhaust the claims asserted in his petition. By separate order, the Court will dismiss Mr. White's petition with prejudice because the petition is untimely, and Mr. White did not properly exhaust the constitutional claims in his petition.

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the

---

[2] As noted, in his affidavit in support of his habeas petition, Mr. White indicated that time records from his employer would establish that he was at work when the shooting at issue occurred. (Doc. 1, p. 18). Mr. White did not attach to his affidavit records of when he checked in or out of Roseland Group Home, his employer, or records reflecting 30-minute notations of care Mr. White provided to his patient. (*See* Doc. 1, p. 18). When the Magistrate Judge urged Mr. White to present evidence at the summary judgment stage of these proceedings to establish, among other things, factual innocence, (Doc. 7, p. 1), Mr. White did not present the time records, (Doc. 8). Mr. White did not present the time records with his objection to the Magistrate Judge's report. Had Mr. White presented objective third-party records that clearly placed him at Roseland Group Home at the time of the shooting, he would have created a much stronger record to support his request for relief. On the record before the Court, the totality of the evidence on which Mr. White relies is disputed testimonial evidence that calls for a credibility finding. Consequently, Mr. White has not satisfied his heavy burden to overcome the procedural deficits in his petition.

issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. White's claims do not satisfy either standard. Therefore, this Court will not issue a certificate of appealability. If he wishes to appeal the dismissal of his petition, Mr. White may request a certificate of appealability from the Eleventh Circuit Court of Appeals.

    **DONE** and **ORDERED** this July 25, 2022.

                                      _____
                                      **MADELINE HUGHES HAIKALA**
                                      UNITED STATES DISTRICT JUDGE